IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD FRANCIS WILLIAMS, | : | CIVIL NO. 1:CV-09-1550 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DANA ANDERSON, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

On August 13, 2009, Donald Francis Williams ("Williams"), an inmate at the State Correctional Institution at Waymart (SCI-Waymart), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are Dana Anderson, a Pennsylvania State Trooper; Elvage Murphy, a former prosecutor; and Keith Clelland, Esquire. Williams proceeds in forma pauperis in this matter.[1] Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to any right Plaintiff may have to file a petition for writ of habeas corpus.

**I.    Allegations of the Complaint**

Williams alleges that he was denied the right to have an attorney present during Defendant Anderson's line of questioning of him at the Pennsylvania State Police Barracks in Erie, Pennsylvania on December 26, 1996. He claims he was also denied the right to have his Miranda

---

[1] Williams completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on August 13, 2009, (Doc. No. 6), directing the warden at SCI-Waymart to commence deducting the full filing fee from William's prison trust fund account.

rights read to him prior to any questioning on the same date, and was told that the Miranda rights no longer existed. He also was not permitted to have an attorney present during questioning. In addition, he claims that there was no physical evidence against him.

Based on the foregoing allegations, he seeks to have his statement "thrown out" and the charges for which he is incarcerated "overturned and dropped." (Doc. No. 1, Compl. at 3.) He also seeks compensation for loss of employment and wages, as well as legal costs associated with his incarceration.

## II. Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions

couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

First, it is clear that Plaintiff raises several challenges to his underlying conviction. He argues that he was denied the right to counsel and Miranda warnings, and that he was convicted despite the lack of physical evidence against him. He wants the statement he gave to the police and his conviction "thrown out." Plaintiff must pursue any such claims in a petition for writ of habeas corpus. It is well-settled that a civil rights action may not be employed to challenge the fact or duration of a prisoner's sentence or to seek earlier or speedier release. Preiser v.

3

Rodriguez, 411 U.S. 475 (1975). Plaintiff is free to file a habeas corpus petition if he so chooses, however the court expresses no opinion as to the ultimate success of any petition filed.

Further, Plaintiff's request for damages resulting from his alleged improper conviction is also subject to dismissal. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Accordingly, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD FRANCIS WILLIAMS,** | : | CIVIL NO. 1:CV-09-1550 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DANA ANDERSON, et al.,** | : | |
| **Defendants** | : | |

# ORDER

**AND NOW**, this 25th day of August, 2009, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to **close this case**.

3. Any appeal taken from this order will be deemed frivolous, without probable cause and not taken in good faith.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania